[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13027
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cv-61439-KAM

PHILLIP DENNIS LEIGH,

Plaintiff-Appellant,

versus

ARMOR MEDICAL SERVICES,
Frank Papillon, Medical Director,
BROWARD SHERIFF'S OFFICE,
Scott Israel, Sheriff,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 9, 2015)

Before ED CARNES, Chief Judge, JORDAN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Phillip Leigh, a Florida prisoner proceeding pro se, is unhappy with the medical care he received while at Broward County Jail. He filed an action under 42 U.S.C. § 1983 against Dr. Franck Papillon, the jail's medical director, and Al Lamberti, Broward County's former sheriff, alleging that they had violated his Eighth Amendment rights by acting with deliberate indifference to his medical needs. A district court granted summary judgment to Papillon and Lamberti (collectively "defendants"). Because Leigh has shown only a disagreement over the appropriate means of treating his ailments, rather than actual indifference to his condition, we affirm.

Leigh was sent to a Florida state prison in 2005 for drug trafficking and conspiracy. In 2006, Dr. Gonzalo Aguilar, an outside medical consultant, diagnosed him with spasmodic dysphonia. In a January 29, 2010 report, Aguilar noted that Leigh's condition had not responded to Botox injections. In the same report, Aguilar recommended that Leigh have selective laryngeal adductor denervation reinnervation (SLADR) surgery and wrote "urgent" just below the recommendation. Leigh did not have the surgery. Instead, he received two more Botox injections in February 2010, neither of which improved his condition. According to a grievance Leigh filed, he visited another specialist on March 23, 2010 and was told that SLADR surgery wouldn't improve his condition.

Leigh eventually filed a state habeas motion. To enable him to attend an evidentiary hearing in that proceeding, he transferred to Broward County Jail on October 4, 2011. Comments on an intake form reflect that Leigh had no visible injuries, was unable to speak loudly due to a medical condition, and reported a history of spasmodic dysphonia. Leigh remained at Broward County Jail until December 25, 2012, when he returned to state prison.

Papillon was the medical director at Broward County Jail during Leigh's time there. According to Papillon, he never met Leigh and was involved with Leigh's healthcare on just two occasions. First, on May 4, 2012, Papillon reviewed Leigh's medical chart as part of a random inmate chart review. Second, on May 16, 2012, after Leigh wrote a grievance requesting SLADR surgery for his spasmodic dysphonia, Papillon reviewed the grievance and Leigh's medical records. Papillon was aware that SLADR surgery was not recognized as the appropriate treatment for spasmodic dysphonia. It was his professional medical opinion that there was no risk of serious harm if Leigh did not get the surgery and that the surgery might actually make Leigh's condition worse. Papillon thus declined to approve Leigh's request for surgery.

Leigh filed this suit in July of 2012, alleging that defendants had knowingly kept him from getting the SLADR surgery that Aguilar had recommended. At his deposition, Leigh admitted that his suit boiled down to a disagreement over the

3

proper course of medical care in his case — he wanted the SLADR surgery even though medical personnel at Broward County Jail believed it was the wrong way to treat his spasmodic dysphonia. He acknowledged that, since filing the suit, he had concluded that Aguilar had committed malpractice by misdiagnosing him and unnecessarily taking a biopsy of his vocal cord tissue. Despite his new belief that he did not have spasmodic dysphonia, Leigh maintained that he needed the SLADR surgery to alleviate troubles with his voice.

The defendants got an affidavit from Dr. Neil Chheda, a specialist in medical conditions affecting the voice. He reviewed Leigh's medical records and concluded that Papillon had been right to advise against Leigh's request for surgery. According to Chheda, SLADR surgery is not the primary means of intervention against spasmodic dysphonia, in part because it can result in permanent, negative changes to the patient's voice.

Based principally on testimony from Leigh, Papillon, and Chheda, the defendants moved for summary judgment, arguing that Leigh had failed to establish: (1) that they had been deliberately indifferent to his needs; and (2) that they had actually harmed him. Leigh filed a sparse cross-motion for summary judgment. The district court referred the motions to a magistrate judge, who recommended denying Leigh's motion and granting Papillon and Lamberti's. In particular, the magistrate judge found that Leigh had not presented sufficient

4

evidence to establish conscious or callous indifference to his serious medical needs, which is required for a deliberate indifference claim.

The magistrate judge's report, issued on January 27, 2014, expressly advised the parties that objections to it were due within two weeks. Leigh did not respond until March 12, 2014. In his response, he requested a 30-day extension of the filing period because he had not received the report until February 26, 2014. He also sought leave to file a "proper amendment." The district court granted Leigh's request for an extension, giving him until April 21, 2014 to file objections to the report. The court concluded, however, that he was not entitled to further amend his complaint. Nevertheless, on April 23, 2014, Leigh filed a "Motion Affidavit in Support of Summary Judgment," reframing his complaint and attaching documents purporting to show that genuine issues of material fact remained in the case. He followed that up with a "Third Motion to Amend" — a 106-page document, filed on May 7, 2014, requesting leave to amend his complaint and including documentary evidence he had not previously submitted.

The defendants opposed both of Leigh's motions, arguing that they were meritless and untimely. The district court agreed. It construed Leigh's "Motion Affidavit" as an objection to the magistrate judge's report and summarily denied it. The district court also denied Leigh's "Third Motion to amend" because it sought to advance a new claim against Aguilar, was untimely, and failed to allege facts

sufficient to support a claim of deliberate indifference. The district court adopted the magistrate judge's report in full and ordered summary judgment in the defendants' favor.

Leigh makes essentially the same argument on appeal as he did at the district court and it is no more compelling here than it was there. To prevail on a claim of deliberate indifference, a plaintiff must show that the defendant intentionally or recklessly disregarded his serious medical needs in a way that injured him. See Hinson v. Edmond, 192 F.3d 1342, 1345 (11th Cir. 1999). Leigh hasn't shown that. The record makes clear that staff at Broward County Jail did not deny Leigh's request for SLADR surgery because they were indifferent to his condition and needs, but instead because medical personnel at the jail determined that the surgery was not a good way to treat his spasmodic dysphonia. Leigh disagrees with the views of those medical personnel, but a difference in medical opinion is not a sufficient basis for a deliberate indifference claim. See Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir. 2007). Because Leigh hasn't shown that the defendants were deliberately indifferent to his medical needs, his claims fail.

**AFFIRMED.**